IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Jennifer Kristin Willhite, | ) | Case No. 23-11078 |
| | ) | Chapter 7 |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| Jennifer Kristin Willhite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | Case No. 23-01027 |
| Courtesy Loans of Oklahoma, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**AMENDED COMPLAINT FOR VIOLATION OF AUTOMATIC STAY
AND BRIEF IN SUPPORT**

COMES NOW, Plaintiff Jennifer Kristin Willhite ("Plaintiff" or "Debtor"), by and through her attorneys of record, Luke Homen Law, PLLC, and hereby moves the court for an award of damages against Defendant, Courtesy Loans of Oklahoma, LLC, ("Defendant"), for a violation of the Automatic Stay, and alleges the following:

1) Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 on April 27, 2023. The Defendant was listed as Courtesy Loans in Debtor's bankruptcy and was given notice of the bankruptcy filing.

2) Venue lies in this Court pursuant to the facts of this case and pursuant to 28 U.S.C. § 1391. At all relevant times, Defendant was and still is engaged in substantial contacts within Oklahoma County.

3) Despite Plaintiff filing for bankruptcy, Defendant has willfully continued to pursue collection activities against the Plaintiff, in direct violation of 11 U.S.C. §362(a).

## BRIEF IN SUPPORT

### FACTS

4) Plaintiff filed for Chapter 7 bankruptcy on April 27, 2023.

5) In the Debtor's Bankruptcy Petition, Defendant was listed on schedules E/ F as an unsecured creditor.

6) Notice was emailed to Defendant as their preferred method of service through the Bankruptcy Notice Center, on April 30, 2023, as indicated in the Certificate of Notice.

7) On or about April 24, 2023, Plaintiff informed Defendant that they would be filing bankruptcy within the week.

8) Between May 8th and May 17th of 2023, Defendants called Plaintiff approximately 9 times attempting to collect a debt owed, leaving 8 total voicemails asking for payment. As a result, Plaintiff has rehired their bankruptcy counsel to assist them with defending against Defendant's wrongful collection attempts.

9) Defendant is a Limited Liability Company located in Oklahoma. Defendant's agent for service of process, registered with the Oklahoma Secretary of State, is Michael Langley, located at 1010 E MACARTHUR ST, SHAWNEE OK 740804.

### VIOLATION OF AUTOMATIC STAY

10) This is a core proceeding under 28 U.S.C. §157.

11) The filing of a bankruptcy petition creates an automatic stay prohibiting creditors from attempting to collect pre-petition debts. 11 U.S.C. §362(a)(6).

12) The automatic stay created by §362 "prevents creditors from taking further action against [the Debtor] except through the bankruptcy court" *Cowen v. WB Equipment, LLC (In re Cowen)*, 849 F.3d 943, 949 (10th Cir. 2017).

13) §362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

14) Under §362(k)(1) a debtor must establish by a preponderance of the evidence that the creditor "knew of the automatic stay and intended the actions that constituted the violation" but "no specific intent is required." *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007).

15) The automatic stay functions as a court order, and willful violation of the stay is generally construed by most Bankruptcy courts as a violation of a court order, for which contempt is an appropriate remedy. *In re Miszko*, 627 B.R. 809, 830 (quoting *Collier on Bankruptcy* ¶ 362.12[2] (16th ed. 2021) (Bankr. S.D.N.Y. 2021).

16) Defendant's actions were willful.

17) Plaintiffs have suffered mental and emotional as well as other damages because of Defendant's actions.

## PUNITIVE DAMAGES

18) Plaintiffs incorporate paragraphs 1 through 17 above as though fully set forth herein.

19) Upon information and belief Defendant has failed to establish adequate procedures in order to insure the proper administration of the account of bankruptcy debtors.

20) Punitive damages are appropriate where a creditor having sufficient resources to implement proper procedures has failed to do so.

21) Punitive damages are additionally warranted because Defendant had actual knowledge of the Plaintiff's bankruptcy filing but still continued its daily harassment of the Plaintiffs.

22) Punitive damages are necessary in this case in order to achieve the desired goals of the Bankruptcy Code. That is, to insure that creditors, such as Defendant, do not take

actions in violation of the automatic stay under 11 U.S.C. § 362.

WHEREFORE, Plaintiffs are entitled to monetary damages in excess of $25,000 as a result of Defendant's actions, including:

a) Plaintiff's reasonable Attorney's Fees and costs;

b) Monetary damages because Plaintiffs' have suffered interruption, annoyance, stress, emotional distress, and continuing anxiety having to deal with Defendant's unlawful actions; and

c) The Defendant should be made to pay punitive damages as an example to deter future unlawful behavior; and

d) The Defendant should be held in contempt of this Court's order imposing the automatic stay.

Plaintiffs consent to entry of final orders or judgment by the bankruptcy court.

Dated this 16th day of August, 2023.

Respectfully submitted,
  Luke Homen Law, PLLC
  Attorneys for Jennifer Kristin Willhite

  By: /s/ Luke Homen
  Luke Homen, OK Bar# 32243
  Luke Homen Law, PLLC
  10313 Greenbriar Parkway
  Oklahoma City, Oklahoma 73159
  Phone: (405) 639-2099
  Fax: (405) 252-1654
  luke@lukehomenlaw.com