IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>Jennifer Kristin Willhite,<br><br>Debtor. | )<br>)<br>)<br>)<br>)   CASE NO. 23-11078-SAH<br>)   Chapter 7<br>)<br>) |
| Jennifer Kristen Willhite,<br><br>Plaintiff,<br><br>vs.<br><br>Courtesy Loans of Oklahoma, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Adversary No. 23-01027-SAH<br>)<br>)<br>)<br>) |

**ANSWER TO AMENDED COMPLAINT FOR
<u>VIOLATION OF AUTOMATIC STAY AND BREIF IN SUPPORT</u>**

Defendant Courtesy Loans of Oklahoma, LLC ("Defendant") for its Answer to the Amended Complaint for Violation of Automatic Stay and Brief in Support [Adv. Doc. 5] filed by Plaintiff/Debtor Jennifer Kristin Willhite ("Debtor"), states and alleges as follows:

1. Defendant admits that Debtor filed a voluntary Petition under Chapter 7 on April 27, 2023, and listed a "Courtesy Loans" as a creditor. Defendant denies that it was given notice of the bankruptcy filing until it received a demand letter from Debtor's counsel on May 19, 2023. Defendant did not file a claim in Debtor's Chapter 7 Case filed April 27, 2023.

2. Paragraph 2 calls for a legal conclusion to which no response is required. Otherwise, Defendant denies Paragraph 2 and demands strict proof thereof.

3. Denied.

4. Admitted.

5. Defendant admits that Debtor listed a "Courtesy Loans" as an unsecured creditor on schedule E/F. Defendant did not file a claim.

6. Denied.

7. Denied. Pleading affirmatively, on April 25, 2023, Debtor stated she would be filing for bankruptcy the following week and would provide Defendant with the name of her attorney and case number as soon as the case was filed. Based on this representation by Debtor, Defendant extended the due date for a pending debt owed by Debtor to May 8, 2023. By May 8th, Debtor had never provided Defendant with the name of her attorney or any case number and Defendant never received notice that Debtor had filed bankruptcy.

8. Defendant admits that it telephoned Debtor between May 8th and May 18th to follow up on the information promised by the Debtor regarding whether she had hired an attorney or filed for bankruptcy. Until May 19, 2023, Defendant had no notice that Debtor had filed bankruptcy. Defendant does not have sufficient information or knowledge to form a belief as to why Debtor has hired counsel. Defendant denies all other allegations.

9. Admitted.

10. Paragraph 10 calls for a legal conclusion to which no response is required. Otherwise, Defendant denies Paragraph 10 and demands strict proof thereof.

11. Paragraph 11 calls for a legal conclusion to which no response is required. Otherwise, Defendant denies Paragraph 11 and demands strict proof thereof.

12. Defendant admits that Debtor has correctly quoted the referenced case. Defendant denies that it violated the automatic stay.

13. Defendant admits that Debtor has correctly quoted the referenced statute. Defendant denies that it violated the automatic stay.

14. Defendant admits that Debtor has correctly quoted the referenced case. Defendant denies that it violated the automatic stay.

15. Paragraph 15 calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it violated the automatic stay, that it violated any order of the court, and that contempt is an appropriate remedy.

16. Denied.

17. Defendant is without sufficient information or knowledge as to the averments set out in Paragraph 17. Defendant therefore denies same and demands strict proof thereof.

18. Paragraph 18 does not require a response.

19. Denied.

20. Paragraph 20 calls for a legal conclusion to which no response is required. Otherwise, Defendant denies Paragraph 20 and demands strict proof thereof.

21. Denied.

22. Denied.

23. Defendant denies all requested relief in Debtor's Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

In further response to the claims asserted in Debtor's Complaint, Defendant alleges the following affirmative defenses bar all or a portion of the claims asserted:

24. Debtor's claims are barred by accord and satisfaction.

25. Debtor's claims are barred by unclean hands or fraud.

26. Debtor fails to state a claim upon which relief can be granted.

27. Debtor does not have standing to bring the claims in her Complaint.

28.     Debtor failed to mitigate damages, to the extent any exist.

WHEREFORE, Defendant, having fully answered the allegations in the Amended Complaint, prays for judgment in its favor and against the Debtor as to all claims asserted in the Amended Complaint, and for such other and further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Wyatt D. Swinford*
Lyle R. Nelson, OBA No. 10914
Wyatt D. Swinford, OBA No. 32520
Elias, Books, Brown & Nelson, P.C.
Two Leadership Square, Ste. 1300
211 N. Robinson
Oklahoma City, OK  73102
(405) 232-3722 Phone
(405) 232-3746 Fax
lyle@lylenelsonlaw.com
wswinford@eliasbooks.com

**ATTORNEYS FOR**
**COURTESY LOANS OF OKLAHOMA, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of October 2023, a true and correct copy of the Answer was electronically served using the CM/ECF system to:

Luke Homen
Luke Homen Law, PLLC
10313 Greenbriar Parkway
Oklahoma City, Oklahoma 73159
Phone: (405) 639-2099
Fax: (405) 252-1654
luke@lukehomenlaw.com

**ATTORNEY FOR DEBTOR
JENNIFER KRISTIN WILLHITE**

                                                  *s/ Wyatt D. Swinford*
                                                  Wyatt D. Swinford